IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LYNN KINNEY,

Plaintiff,

v. Case No. 1:26-cv-01283-LF-JMR

MEOW WOLF, INC.,

Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court[1] on plaintiff Lynn Kinney's Motion to Remand, filed on April 29, 2026. Doc. 6. Defendant Meow Wolf, Inc. filed a response in opposition on May 12, 2026. Doc. 11. Plaintiff filed a reply in support on May 22, 2026, and briefing was completed on the motion that day. Docs. 14, 15. Having reviewed the briefing, the law, and otherwise being advised, the Court GRANTS the motion and remands this matter to the First Judicial District Court, Santa Fe County, State of New Mexico.

**BACKGROUND**

This personal injury case was originally filed in the First Judicial District Court, Santa Fe County, on March 20, 2026. Doc. 1 ¶ 1. Defendant removed the case to this Court on April 24, 2026, invoking the Court's diversity jurisdiction. *Id.* ¶¶ 1–2. In the notice of removal, Defendant states that it "is a foreign corporation with its principal place of business at 1352 Rufina Circle, Santa Fe, NM," and that it is "a citizen of New Mexico and Delaware." *Id.* ¶¶ 4,

[1] The parties consented to my conducting all dispositive proceedings in this matter, including motions and trial, and to enter a final judgment. *See* Docs. 5, 12, 13.

9. Plaintiff moves to remand this case to state court, arguing that removal based on diversity jurisdiction is improper because Defendant is a citizen of the forum state. Doc. 6 at 1–2.

**ANALYSIS**

A case filed in state court may be removed to federal court on the basis of diversity of citizenship between the parties. 28 U.S.C. § 1441(b). There is a presumption against removal jurisdiction, and removal statutes must be narrowly construed. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005). The removing party bears the burden of demonstrating that removal is appropriate, and all doubts are resolved against removal. *Rio Rancho Pub. Schs. Bd. of Educ. v. New Mexico Pub. Educ. Dep't*, 353 F. Supp. 3d 1145, 1150 (D.N.M. Nov. 27, 2018).

Diversity jurisdiction requires the amount in controversy to exceed $75,000 and that no plaintiff and no defendant be citizens of the same state. 28 U.S.C. § 1332(a); *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). A corporation is deemed "to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1). A corporation's principal place of business refers "to the place where a corporation's officers direct, control, and coordinate the corporation's activities," and "should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

But even where complete diversity exists, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This provision, known as the "forum-defendant rule," "prohibits removal when a case is removed for diversity jurisdiction and the defendant is a citizen of the State in

which such action is brought." *City of Albuquerque v. Soto Enters.*, 864 F.3d 1089, 1096 n.11 (10th Cir. 2017) (quotations omitted). The rule "reflects the view that the purpose of removal under diversity jurisdiction is to protect defendants who fear parochial bias in state courts, so local defendants have no legitimate need to remove cases to federal court." *Woods v. Ross Dress for Less, Inc.*, 985 F.3d 775, 779 (10th Cir. 2021) (Hartz, J., dissenting). The forum-defendant rule is procedural rather than jurisdictional and is waived if not timely invoked in a motion to remand. *McAnulty v. Standard Ins. Co.*, 81 F.4th 1091, 1094 n.3 (10th Cir. 2023).

The parties agree that the amount in controversy exceeds $75,000. Doc. 1 ¶¶ 11–13; Doc. 6 at 2. Plaintiff, a resident of Indiana, also does not contest that complete diversity exists between the parties. *See* Doc. 1-1 ¶ 1; Doc. 6 at 2. Rather, the dispute concerns whether the forum-defendant rule prohibits Defendant from removing this case to federal court. Plaintiff emphasizes Defendant's statement in its notice of removal that it "is a citizen of *New Mexico* and Delaware" with a principal place of business in Santa Fe. Doc. 6 at 2 (quoting Doc. 1 ¶ 9). Relying on the removal statute's use of the phrase, "properly joined and served," Defendant argues that the forum defendant-rule does not apply here because Defendant filed its notice of removal before it was properly served. Doc. 11 at 2–3. Defendant further argues that even if service were proper, the forum-defendant rule does not apply because Plaintiff has not sufficiently demonstrated that Defendant is a citizen of New Mexico. *Id.* at 3–4. Defendant also argues that Plaintiff's consent to a magistrate judge to conduct dispositive proceedings in this matter undermines her opposition to removal jurisdiction. *Id.* at 4–5. The Court is not persuaded by Defendant's arguments and will remand this matter to state court.

**I. Defendant has waived any argument that it was not properly served.**

Defendant argues that the "Acceptance of Service" document attached to its notice of removal is not a valid acceptance or waiver of service. Doc. 11 at 2–3. The document, signed only by Plaintiff's counsel, states that a registered agent for United Corporate Services, Inc. "states that he is authorized and agrees to accept service of the Complaint for Personal Injuries on behalf of Defendant Meow Wolf, Inc." and that "[s]ervice of the Complaint was accepted effective April 13, 2026." Doc. 1-2 at 1. To date, no proof of service or waiver of service form signed by anyone other than Plaintiff's counsel has been filed in this matter.

However, Defendant states in the notice of the removal that the notice was "timely filed with (sic) 30 days of service of process upon Defendant," and the notice cites to the acceptance of service document. Doc. 1 ¶ 1. Defendant argues that this reference was not a concession of proper service but rather intended "solely to establish the timeline of events for purposes of removal." Doc. 11 at 3. Defendant nowhere clarifies this in its notice of removal, and the language used indicates that it deemed service to have been effected on April 13, 2026, for purposes of the removal statute. *See* Doc. 1 ¶ 1 (stating that the notice of removal was timely because it was filed within "30 days of *service of process upon Defendant*") (emphasis added)). Defendant's argument that it was not properly served is inconsistent with its explicit statement that it filed its notice of removal within thirty days of being served.

Still, Defendant could have disputed service after filing the notice of removal. *See Barreras v. Travelers Home & Marine Ins. Co.*, No. 1:12-cv-00354-RB-RHS, 2012 WL 12870348, at *1 n.2 (D.N.M. Oct. 17, 2012) ("A defendant may remove an action and still raise the defense of lack of service of process."). But the defense of insufficient service of process must be made either in a pre-answer motion or in a responsive pleading. FED. R. CIV. P.

12(b)(5), (h)(1). Defendant did not argue insufficient service of process in a pre-answer motion, and its answer does not raise insufficient service of process as a defense. *See* Doc. 9. The time for Defendant to contest proper service has passed. *See* FED. R. CIV. P. 12(h)(1)(B).

**II. The forum-defendant rule prohibits removal of this matter even had Defendant not waived an insufficient service of process argument.**

Even if Defendant still could contest service of process, "there is no exception to the forum-defendant rule that allows a sole forum defendant to remove a case prior to service." *Tortella v. RAKS Building Supply, Inc.*, 758 F. Supp. 3d 1323, 1325 (D.N.M. 2024). The purpose of removal under diversity jurisdiction is to protect non-forum defendants from state court bias toward forum-state plaintiffs. *Id.* at 1328. A "sole forum defendant needn't (and can't) avail itself of such protections." *Id.* Accepting Defendant's interpretation of the removal statute would render the forum-defendant rule "toothless" against forum defendants who "remove an otherwise unremovable case simply by virtue of 'beating' service." *Id.* at 1326.

Here, Defendant's notice of removal identifies it as a citizen both of the forum state, New Mexico, and Delaware. Doc. 1 ¶ 9. Defendant additionally states that its principal place of business is at an address in Santa Fe. *Id.* In opposing remand, Defendant now argues that "[t]o the extent Defendant identified Santa Fe, New Mexico in its notice of removal, that statement was based on information available at the time and was not intended as a binding concession for purposes of the *forum defendant rule*." Doc. 11 at 4. Yet Defendant does not then argue that identifying Santa Fe as its principal place of business was a mistake that was later revealed by new information, nor does Defendant argue that its actual principal place of business is outside of New Mexico. *See id.* And while Defendant states it did not intend that statement to be a binding concession, a notice of removal is essentially a pleading that there are grounds for removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–88 (2014).

Defendant provides no authority for the proposition that allegations of citizenship made in a notice of removal should not be considered binding for purposes of determining the propriety of removal based on diversity jurisdiction.

In resisting the forum-defendant rule's applicability here, Defendant also argues that "Plaintiff has not carried her burden to establish that [the rule] applies." Doc. 11 at 3. But it is the party invoking federal jurisdiction that bears the burden of demonstrating that removal is proper. *Rio Rancho Pub. Schs. Bd. of Educ*, 353 F. Supp. 3d at 1150. Defendant faults Plaintiff for not providing "competent evidence" that Defendant's principal place of business is located in New Mexico, Doc. 11 at 3–4, but it is Defendant who must respond to Plaintiff's challenges with "competent proof," *Hertz Corp.*, 559 U.S. at 96–97; *see also Bernhard v. Meow Wolf, Inc.*, No. 1:21-cv-0509 RB-SCY, 2022 WL 123853, at *3 (D.N.M. Jan. 12, 2022) ("Ordinarily when a plaintiff challenges a jurisdictional fact, the defendant submits an affidavit to carry its burden to show that removal is appropriate."). Defendant does not offer *any* evidence to rebut Plaintiff's challenge and show that its principal place of business is located anywhere other than New Mexico. *See* Doc. 11 at 3–4. And again, Defendant's own notice of removal explicitly states that "Defendant is a citizen of New Mexico" and identifies its principal place of business at an address in Santa Fe. Doc. 1 ¶ 3. Defendant has not shown by any evidence that its principal place of business is outside of New Mexico, and the forum-defendant rule therefore prohibits this case's removal.

## III. Consent to a magistrate judge is not consent to removal.

Defendant also argues that Plaintiff's consent to a proceed before a magistrate judge "is inconsistent with Plaintiff's subsequent position now that this Court lacks authority to hear the case." Doc. 11 at 4–5. Defendant cites no authority to support this assertion, and the Court has

not found any. Rather, cases in this District have held that whether a party consents—or refuses to consent—to proceed before a magistrate judge has no bearing on whether the party consents to federal jurisdiction. *See State Farm Fire & Cas. Co. v. Dunn-Edwards Corp.*, 728 F. Supp. 2d 1273, 1278 n.19 (D.N.M. 2010) ("This Court does not consider [a co-defendant's] willingness to proceed before a magistrate and filing of a corporate disclosure statement to be unambiguous indications of its consent to removal."); *McEntire v. Kmart Corp.*, No. 1:09-cv-00567-JB-LAM, 2010 WL 553443, at *7 n.2 (D.N.M. Feb. 9, 2010) (concluding that refusing to consent before a magistrate judge and "asking for a district judge to rule on a motion to remand is not an invocation of federal jurisdiction that can result in a waiver of the right to remand").

## IV. The Court denies leave to amend the notice of removal.

Next, Defendant argues that if the Court finds its notice of removal deficient, Defendant should be granted leave to amend the notice to cure any deficiencies. Doc. 11 at 6–7. Plaintiff opposes this, arguing that Defendant already "had the opportunity to submit evidence supporting federal jurisdiction in its response and failed to do so." Doc. 14 at 4. The Court agrees with Plaintiff.

The cases that Defendant cites in support of its request to amend stand for the proposition that leave should be granted to amend a notice of removal to remedy formalistic, technical defects. *See Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 300–02 (10th Cir. 1968) (amendment permitted to provide an omitted principal place of business and to state a party's citizenship rather than mere residence); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 470–71 (10th Cir. 1963) (amendment permitted to include an omitted principal place of business). In *McEntire v. Kmart Corp.*, for example, leave to amend was granted where the "notice of removal [was] almost proper," and the Court would have found no defect had the defendants simply used

the word "citizen" instead of "resident." 2010 WL 553443, at *8. The court thus found amendment proper "to cure this formalistic technical defect," especially considering that the defendants already had "met their burden of coming forth with some evidence" that removal was appropriate. *Id* at *8–*10.

The notice of removal here does not contain a mere formalistic defect. The notice states that Defendant is a *citizen* of New Mexico, and Defendant has since provided no evidence to rebut its own affirmative statement of citizenship. Defendant contends that its statement that its principal place of business is in Santa Fe was "based on information available at the time," but Defendant has not provided any evidence that the statement was (or is) incorrect, nor has it provided evidence of where its purported actual principal place of business is, or described what new information it has that changes its assessment of where its principal place of business is located. Doc. 11 at 4.

Again, Defendant bears the burden of justifying removal against a presumption against it, and Defendant already has had two opportunities to do so: first in its notice of removal, where it stated it is a citizen of New Mexico; and again in response to Plaintiff's motion to remand, where it provided no evidence that it is not a citizen of New Mexico. Defendant has fallen short both times, and the Court is not persuaded that a third attempt would do anything more than delay an inevitable remand. The Court therefore will remand this case back to state court rather than grant Defendant leave to file an amended notice of removal.

## V. The Court declines to award fees and costs.

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Whether fees should be awarded depends on the objective reasonableness for seeking removal. *Porter Tr. v.*

*Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). A defendant's frivolous removal of a case from state court may justify an award of the plaintiff's costs and expenses pursuant to § 1447(c). *See BP P.L.C. v. Mayor & City Council of Balt.*, 593 U.S. 230, 246 (2021).

Plaintiff argues she should be awarded the attorney's fees and costs she incurred in filing her motion to remand "because there is no cogent and rational basis for removal." Doc. 14 at 7. Defendant argued that it had an objectively reasonable basis to remove this case based on its interpretation of the forum defendant rule and because Plaintiff consented to proceed before a magistrate judge. Doc. 11 at 5–6. The Court does not find the latter basis to be objectively reasonable. As explained above, Defendant cites no authority to support its argument that consent to a magistrate judge constitutes consent to removal, and the authorities that the Court identified uniformly reject that argument. Moreover, Defendant's decision to remove this case on April 24, 2026, cannot logically have been influenced by Plaintiff's consent days later to proceed before a magistrate judge. *See* Doc. 5. However, the Court is persuaded that Defendant's removal of this case based on its interpretation of the forum defendant rule was not frivolous, even though the Court rejects that interpretation.

While this Court, and at least one other court in this District, have rejected the argument that the forum defendant rule only applies after the forum defendant has been properly served, other courts have found the argument persuasive. *See Tortella*, 758 F. Supp. 3d at 1329 n.7 ("To be sure, there are courts of appeals (and districts contained therein) that permit snap removal

under these circumstances”).[2] While none of those courts’ holdings are binding on this Court, those cases still represent “a limited basis of authority” for this case’s removal. *Id.* at 1329 (declining to award fees and costs for this reason). Accordingly, the Court will not award fees and costs incurred with Defendant’s improper removal.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff’s Motion to Remand (Doc. 6) but declines to award Plaintiff costs and fees incurred in bringing the motion.

IT IS THEREFORE ORDERED that the Clerk of the Court shall REMAND this case to the First Judicial District Court, Santa Fe County, State of New Mexico. The Clerk of the Court is hereby directed to take the necessary actions to remand the case.

Laura Fashing
United States Magistrate Judge

[2] The practice that Defendant advocates for has been colloquially referred to as “snap removal” by some practitioners. *Tortella*, 758 F. Supp. 3d at 1326 n.2.